WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tammy Kathleen Kelly Meixner, | No. CV-20-00323-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff's counsel Mark Caldwell ("Plaintiff's Counsel") filed a Motion for Award of Attorney Fees and Memorandum in Support of the Motion under 42 U.S.C. § 406(b) (collectively "Motion"). (Docs. 47, 48.) Plaintiff's Counsel seeks $28,985.25 in attorneys' fees for representing Plaintiff Tammy Meixner ("Meixner") on a contingent-fee basis. (Docs. 47, 48.) The Commissioner did not file a response or otherwise object. The Court grants the Motion and awards $28,985.25 in attorneys' fees.

**I.   Background**

After the Social Security Administration ("SSA") denied her claim for Social Security Disability Insurance benefits, Meixner filed a Complaint for judicial review with this Court. (*See* Doc. 1.) On March 8, 2022, this Court reversed the administrative law judge's decision and remanded for payment of benefits. (Doc. 34.) On remand, the SSA awarded Meixner back benefits due,[1] and issued a Notice of Award. (Doc 48-1.) On August 17, 2022, this Court awarded $12,123.26 in attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 46.) Plaintiff's Counsel now seeks $28,985.25 in attorneys' fees under 42 U.S.C. § 406(b). (Doc. 48 at 1.)

---

[1] The Social Security Administration withheld $28,985.25, or 25% in back benefits due, for potential attorneys' fees. (Doc. 48–1 at 5) ("We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $28,985.25 from your past due benefits in case we need to pay your representative.").

## II. Legal Standard

The Social Security Act provides that the Court may award reasonable attorneys' fees for representation before the Court, not to exceed twenty-five percent of past-due benefits. 42 U.S.C. § 406(b)(1)(A). Under *Gisbrecht*, the Court must consider whether the fee requested is within the statutory guidelines, consistent with the fee agreement, and is reasonable in light of the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Court may look to factors including the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808; *see Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). The Court may also reduce the amount requested for "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. The burden rests on the attorney "to show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S at 807.

If an attorney receives fees under both the EAJA and Section 406(b), the attorney must "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation and alteration omitted); *see also Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991) (holding that dual fee awards under the EAJA and Section 406(b) are proper "as long as [Plaintiff's] attorney gives the smaller of the two awards to his client").

## III. Analysis

Meixner contracted to pay twenty-five percent of past-due benefits on a contingency fee basis. (Doc. 48-2 at 2.) The Court finds that the fees requested in this case are reasonable for the following reasons.

The attached Itemization of Services indicate 53.7 hours of services rendered, equaling an hourly fee of $539.76. (Doc. 48 at 6; Doc. 48-3.) The Court has reviewed the Itemization of Services (Doc. 48-3) and concludes the time expended and amounts charged are reasonable. Moreover, the Court is mindful that the 25% contingent fee awarded here is less than the standard contingent fee outside of the Social Security context, which typically is 30% of the recovery, and that attorneys often assume a nonpayment risk by

working on a contingent basis. (*See* Doc. 48 at 5–6.) The Court finds no reason to adjust downward from the 25% rate Plaintiff's Counsel and his client agreed upon. *See Crawford*, 586 F.3d at 1153 (noting that the court approved hourly rates of $519, $875, and $902); *Chisholm v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08010-PCT-JAT, 2022 WL 1569074, at *2 (D. Ariz. May 18, 2022) (approving effective hourly rate of $826.33 and noting that the rate was "in line with effective hourly rates previously approved by the Ninth Circuit"). The Court concludes that that the fee requested is within the statutory guidelines, consistent with the fee agreement, and reasonable.

The representation provided and the results achieved also support the requested fee. Plaintiff's Counsel has substantial experience in Social Security disability law and his opening and reply briefs were tailored to and addressed in detail the specific issues in Meixner's case. In so doing, Plaintiff's Counsel successfully convinced this Court to remand this case to the SSA for an immediate benefits award. (*See* Doc. 34.)

After considering the *Gisbrecht* factors, this Court finds that the fee requested is reasonable.

**IV.   Order**

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's unopposed Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 47).

**IT IS FURTHER ORDERED** that Plaintiff's Counsel is awarded **$28,985.25** in accordance with 42 U.S.C. § 406(b). Upon receipt of this sum, Plaintiff's Counsel shall refund the previously awarded EAJA fees totaling **$12,123.26** to Plaintiff.

Dated this 30th day of November, 2022.

Honorable John C. Hinderaker
United States District Judge